UTICA,
Aug. 1826.

Johnson
v.
Gay.

A motion was now made for a mandamus commanding the C. P. to vacate their rule for a new trial, and give judgment according to the verdict.

*C. Monell*, for the motion, cited 2 *T. R.* 281; 5 *Burr.* 2667.

***

## JOHNSON *against* GAY.

An order of referees as to the costs, on postponing the hearing before them, is not a foundation for a rule on the subject, in the supreme court.
Whether they may impose costs as the condition of adjourning? *Quere.*

THIS cause being referred; and the referees having convened to hear it, the defendant's counsel moved, on the affidavit of the absence of a material witness, to put off the

hearing. This was objected to by the plaintiff's counsel, unless the plaintiff's costs of preparing for the hearing were first paid. But the referees doubting their power to impose this condition, though they agreed that the costs should be paid, adjourned unconditionally.

*W. H. Maynard,* now moved for a rule against the defendant, that he pay the costs, (which had been taxed,) or that an attachment issue.

*C. P. Kirkland,* contra, cited 1 *R. L.* 516, *s.* 2 ; *Jac. Law Dict. Attachment.*

*Curia.* Any order or direction as to costs, which referees may make, is no foundation for our interference by attachment. Nor is it necessary, in this case, for us to say whether they have power to impose the payment of costs, as the condition of an adjournment.

Motion denied.